Filed 2/8/16  P. v. Felix CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ENRIQUE FELIX,<br><br>    Defendant and Appellant. | H042334<br>(Monterey County<br>Super. Ct. No. SS101586) |

Defendant Enrique Feliz appeals following the trial court's denial of his Proposition 47 petition requesting that he be resentenced on his conviction for possession of methamphetamine (Health & Saf. Code, § 11377) as a misdemeanor.  (Pen. Code, § 1170.18, subd. (f).)  Defendant asserts that the trial court erred in denying his petition, because simple possession of methamphetamine is eligible for resentencing as a misdemeanor under Proposition 47.  The Attorney General concedes the issue, and requests that the judgment be reversed, and the matter remanded to the trial court for resentencing.

## STATEMENT OF THE CASE[1]

On August 26, 2010, in Monterey County, appellant was charged with possession of methamphetamine for sale with a gang enhancement (Health & Saf. Code § 11378;

---

[1] The underlying facts are omitted because they are not relevant to the issue on appeal, and they are not included in the record before us.

Pen. Code, § 186.22, subd. (b)(1)), simple possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and street terrorism (Pen. Code, § 186.22, subd. (a)). The information also alleged appellant had two prison priors (Pen. Code, § 667.5, subd. (b)).

On June 10, 2011, defendant pleaded guilty to all counts and, as to count 1, admitted the criminal street gang and prior prison term allegations. Defendant was sentenced to nine years in state prison, execution suspended, and was placed on probation.

On November 7, 2012, the trial court found defendant was in violation of probation. Defendant's probation was terminated, and the trial court ordered defendant to serve the suspended nine-year term in state prison.

On April 10, 2015, defendant filed a petition seeking a reduction of his possession of methamphetamine conviction to a misdemeanor under Penal Code section 1170.18, subdivision (a). The trial court denied defendant's petition, and he brought this appeal.

DISCUSSION

Defendant argues, and the Attorney General concedes that the trial court erred when it denied defendant's petition for resentencing of his conviction for simple possession of methamphetamine. We accept the Attorney General's concession.

Penal Code section 1170.18, subdivision (a), added to the Penal Code by Proposition 47, states in relevant part: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Section[] . . . 11377 of the Health and Safety Code . . . as [that section has] been amended . . . by this act."

Here, defendant was convicted of simple possession of methamphetamine pursuant to Health and Safety Code section 11377. Had Proposition 47 been in effect at the time of his conviction, defendant's violation of Health and Safety Code section 11377 would have been a misdemeanor. Moreover, Penal Code section 1170.18, subdivision (g) states: "If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor."

Defendant was eligible for resentencing of his conviction as a misdemeanor under Penal Code section 1170.18, subdivision (a), and the trial court erred in denying his petition.

## DISPOSITION

The judgment is reversed and remanded. The trial court is directed to grant defendant's petition under Penal Code section 1170.18, subdivision (a), and resentence defendant for violating Health and Safety Code section 11377, subdivision (a), as a misdemeanor.

3

_____

RUSHING, P.J.

WE CONCUR:

_____

MÁRQUEZ, J.

_____

GROVER, J.

4